[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 14, 2008
THOMAS K. KAHN
CLERK

No. 08-14067
Non-Argument Calendar
_____

D. C. Docket No. 07-22802-CV-SH

RAUL BEJARANO,

Plaintiff-Appellant,

versus

HOMELAND SECURITY DEPARTMENT,
Michael Chertoff, Secretary, U. S. DEPARTMENT
OF HOMELAND SECURITY BUREAU OF
IMMIGRATION & CUSTOMS ENFORCE,
Julie Myers, Assistant Secretary,
UNITED STATES DEPARTMENT OF HOMELAND
SECURITY-IMMIGRATION AND CUSTOMS
ENFORCEMENT OFFICE OF PROFESSIONAL
RESPONSIBILITY, Tracia A. Lembke, Director,
TYLER MORGAN, Immigration and Customs
Enforcement Officer, AGENT DAVID DAMATO,
Supervisory Immigration and Customs Enforcement
Officer, UNITED STATES OF AMERICA,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 14, 2008)

Before BLACK, BARKETT and HILL, Circuit Judges.

PER CURIAM:

Raul Bejarano appeals the dismissal by the district court of his complaint for a writ of habeas corpus and declaratory and injunctive relief for lack of subject matter jurisdiction. Based upon the following discussion, we affirm the judgment of the district court.

Bejarano is a Colombian citizen. He entered the United States as a cruise ship employee in December 2002, with authorization to remain in the United States for one month. When he did not leave, Bejarano was charged with remaining in the United States for longer than permitted, in violation of 8 U.S.C. § 1227(a)(1)(B), and placed into removal proceedings. In November 2004, Bejarano was ordered to be removed from the United States by an immigration judge.

Two and a half years later, in April 2007, Bejarano was taken into custody by Immigration and Customs Enforcement (ICE) officials. He responded by telling the ICE agents that he was legally in the United States, as he had paid money to an individual that he believed to be an immigration officer, in exchange for a permanent resident card, albeit he had never received a card, nor had his money returned.

2

Thereafter, Bejarano assisted ICE officials in their investigation of the alleged immigration officer by showing them where the alleged the individual lived, referring other victims to ICE, and making controlled telephone calls upon ICE's behalf. Bejarano argues that, based upon his cooperation, he intended to apply for a U visa, as a qualifying victim of certain criminal activity under the Victims of Trafficking and Violence Protection Act of 2000 (VTVPA), 8 U.S.C. §§ 1101(a)(15)(U), 1184(p), and 1255(m).

In order to submit a U visa petition, Bejarano must first have received a status certification from the proper government official that he had been helpful or was likely to be helpful in the investigation or prosecution of criminal activity described in Section 1101(a)(15)(U)(iii). *See* Section 1184(p). Using its discretionary authority in this case, ICE declined to sign Bejarano's status certification form. ICE stated that it did not believe Bejarano to be the victim of extortion or any other qualifying activity.

Bejarano was thereafter apprehended by ICE agents in October 2007. He was removed from the United States to Colombia.[1] He immediately filed a writ of habeas corpus and complaint for declaratory and injunctive relief, arguing that the discretionary denial of his status certification was unconstitutional, that he was

---

[1] Bejarano was allowed to remain in the United States during the pendency of his proceedings in district court, through November 30, 2007.

entitled to release from detention, and that he was eligible for status certification and a stay of removal.[2]

The government moved for dismissal of his action for lack of subject matter jurisdiction. In June 2008, the district court granted the relief the government requested and dismissed Bejarano's petition.

The decision of the district court was based upon a VTVPA analysis.[3] In order to be eligible to apply for a U visa, Bejarano first has to establish that he suffered substantial physical or mental abuse as the victim of a specified criminal activity. *See* 8 U.S.C. § 1101(a)(15)(U)(i)(I). Before his application can be completed, Bejarano next has to receive a status certification, from a federal, state or local law enforcement official, prosecutor or judge, that he had been helpful or was likely to be helpful in the investigation of the specific criminal activity alleged. *See* 8 U.S.C. § 1184(p). Last and most importantly, jurisdiction over the grant or denial of a U visa to Bejarano rests with the United States Citizenship and

---

[2] The district court inferentially concluded that Bejarano's constitutional argument was an abuse of discretion claim cloaked in constitutional language. *See Arias v. U.S. Atty. Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007). It was a roundabout attempt to achieve judicial review of ICE's discretionary denial of his status certification.

[3] As we agree with the analysis of the district court set forth in its opinion and solely based upon VTVPA, we need not reach the government's counter-argument that the district court also properly dismissed Bejarano's claims for review under the Administrative Procedures Act (APA), where the issuance of a U visa status certification is within the unfettered discretion of ICE, precluding judicial review. 5 U.S.C. § 701(a).

Immigration Services (USCI), and any decision by the certifying official to sign or decline to sign the status certification is discretionary. *See* 8 C.F.R. §§ 214.14(a)(12), (b), (c)(4).

The district court, citing *Heckler v. Chaney*, 105 S.Ct. 1649, 1656 (1985), and, noting that Bejarano set forth no statutory or case law authority in support of his position, found that it had no authority to intervene as it lacked subject matter jurisdiction. We agree. *Id*. ("When an agency refuses to act, it generally does not exercise its coercive power [as opposed to discretionary power] over an individual's liberty or property rights, and thus does not infringe upon areas that courts often are called upon to protect"). *See also* 8 C.F.R. §§ 214.14(a)(12), (b), (c)(3) (where jurisdiction over the grant or denial of a U visa rests entirely within the discretionary authority of the USCI).

Based upon the foregoing discussion, the judgment of the district court is AFFIRMED.