**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHOLIC CHARITIES CYO; INTERNATIONAL INSTITUTE OF THE EAST BAY; VOCES UNIDAS PROJECT; SANCTUARY FOR FAMILIES; DIOCESAN MIGRANT & REFUGEE SERVICES, INC.; ELIZABETH LOPEZ GOMEZ; SANDRA BUCIO; CONSTANTINA CAMPOS; MARIA ESTERVINA PEREZ; FRANCISCA RAMIREZ ALVAREZ; IRMA MORENO SANVICENTE; MARIA LUISA ARROYO TORRES; ALMA ROSA PADILLA DE HERNANDEZ; MARIA HERNANDEZ; ROSA AMEZQUITA RAZO; ANTONIO PEREZ GARCIA; VERONICA REYES BONILLA; ANDRES BUCIO PEREZ, through their next friend, Sandra Bucio; SERGIO BUCIO PEREZ, through their next friend, Sandra Bucio; MARLINDA CLARKE; PATRICIA GARCIA; BLANCA ROSSELL, <br><br>        Plaintiffs - Appellants, <br><br>  v. <br><br>JANET NAPOLITANO, Secretary, U.S. | No. 09-15286 <br><br> D.C. No. 3:07-cv-01307-PJH <br><br> MEMORANDUM [*] |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Department of Homeland Security;
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES; U.S.
DEPARTMENT OF HOMELAND
SECURITY,

          Defendants - Appellees.

---

CATHOLIC CHARITIES CYO;
INTERNATIONAL INSTITUTE OF THE
EAST BAY; VOCES UNIDAS
PROJECT; SANCTUARY FOR
FAMILIES; DIOCESAN MIGRANT &
REFUGEE SERVICES, INC.;
ELIZABETH LOPEZ GOMEZ; SANDRA
BUCIO; CONSTANTINA CAMPOS;
MARIA ESTERVINA PEREZ;
FRANCISCA RAMIREZ ALVAREZ;
IRMA MORENO SANVICENTE;
MARIA LUISA ARROYO TORRES;
ALMA ROSA PADILLA DE
HERNANDEZ; MARIA HERNANDEZ;
ROSA AMEZQUITA RAZO; ANTONIO
PEREZ GARCIA; VERONICA REYES
BONILLA; ANDRES BUCIO PEREZ,
through their next friend, Sandra Bucio;
SERGIO BUCIO PEREZ, through their
next friend, Sandra Bucio; MARLINDA
CLARKE; PATRICIA GARCIA;
BLANCA ROSSELL,

          Plaintiffs - Appellants,

  v.

No. 09-16822

D.C. No. 3:07-cv-01307-PJH

2

JANET NAPOLITANO, Secretary, U.S. Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted February 9, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge, THOMPSON and McKEOWN, Circuit Judges.

Catholic Charities CYO, other immigrants' rights organizations, and individual non-citizens (together, "Catholic Charities") appeal the dismissal of their suit challenging the government's implementation of the U visa, an immigration benefit available to certain victims of crime. As an initial matter, the defect in Catholic Charities' premature notice of appeal has been "cured by the entry of final judgment in the underlying action." Cato v. Fresno City, 220 F.3d 1073, 1075 (9th Cir. 2000).

The district court properly dismissed the challenge to the government's alleged delay in issuing regulations for U visa applicants and adjustment of status regulations for U visa recipients. Because none of the individual plaintiffs had been granted U visas, much less lawful permanent residence, at the time they brought suit, their claim that the agency's delay prejudiced their eligibility for naturalization was not ripe for review. See Bova v. City of Medford, 564 F.3d 1093, 1096 (9th Cir. 2009). Catholic Charities also lacked standing to challenge the alleged prejudice from the delay because it failed to show injury-in-fact by the government's alleged nonfeasance. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Because standing is a jurisdictional issue, we address it with respect to the derivative U visas, despite Catholic Charities' failure to address standing in the opening brief. We uphold the district court's determination that Catholic Charities lacked standing to challenge plaintiffs' ineligibility for derivative U visas because there was no allegation that the principal beneficiaries applied for U visas in the first place and, for some of the plaintiffs, the claim is moot because they received derivative visas. See Rosemere Neighborhood Ass'n v. EPA, 581 F.3d 1169, 1173 (9th Cir. 2009) (explaining that "[i]n general, when an administrative agency has performed the action sought by a plaintiff in litigation . . . the claim is moot").

4

We affirm the district court's dismissal for lack of subject-matter jurisdiction of the claim that the U visa regulations violate 8 U.S.C. 1184(p). That provision does not provide a private cause of action, and Catholic Charities did not allege a cause of action under the Administrative Procedures Act. See Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007) (outlining the criteria for a private cause of action and explaining that federal question jurisdiction lies only "when the plaintiff sues under a federal statute that creates a right of action in federal court").

Finally, the district court correctly found that the U.S. Department of Homeland Security ("DHS") exercised its discretion by denying plaintiffs' individual certification requests and that 8 U.S.C. § 1252(a)(2)(B)(ii) barred review of these denials. The claim regarding the issuance of implementing regulations is moot, as DHS issued regulations that govern certification by federal law enforcement agencies in general. See 8 C.F.R. § 214.14.

**AFFIRMED.**