**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HYOUN KYUNG LEE,

          *Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

          *Respondent.*

No. 07-71193

Agency No.
A098-266-266

HYOUN KYUNG LEE,

          *Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

          *Respondent.*

No. 07-71916

Agency No.
A098-266-266

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2010*
San Francisco, California

Filed March 25, 2010

Before: Alex Kozinski, Chief Judge, David R. Thompson
and M. Margaret McKeown, Circuit Judges.

Per Curiam Opinion

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Alex C. Park, Law Offices of Alex C. Park, Santa Clara, California, for the petitioner.

Shahrzad Baghai, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

---

## OPINION

PER CURIAM:

Hyoun Kyung Lee petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of removal. Lee argues that the IJ erred in finding her ineligible for U visa interim relief, a temporary form of relief that was previously made available to immigrant victims of crime. Because the IJ had no authority to grant Lee U visa interim relief, we deny the petition for review.

### BACKGROUND

Lee, a native and citizen of South Korea, was admitted to the United States at San Francisco, California in October 2003, with authorization to remain in the country for up to six months. She overstayed her visa, and the government commenced removal proceedings against her in July 2005. In proceedings before the IJ, Lee conceded removability, but obtained a continuance in order to seek U visa interim relief.

Congress created the "U" nonimmigrant classification for certain victims of criminal activity with the enactment of the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. 106-386, 114 Stat. 1464 (2000). Under the statute, a non-citizen is entitled to a U visa if the Secretary of the Department of Homeland Security ("DHS") determines that she has suffered "substantial physical or mental abuse" as a result of qualifying criminal activity and can show that she "has been helpful, is being helpful, or is likely to be helpful"

to law enforcement authorities that are investigating or prosecuting the crime. 8 U.S.C. § 1101(a)(15)(U)(i).

At the time Lee filed her application, DHS had not yet promulgated regulations implementing the U visa statute.[1] Instead, the agency afforded individuals who established prima facie eligibility for a U visa with interim relief—in this case, deferred action—to prevent their removal from the United States pending the adoption of procedures to process their visa applications. *See generally* Memorandum from Michael D. Cronin, Acting Executive Assoc. Comm'r, Office of Programs to Michael A. Pearson, Executive Assoc. Comm'r, Office of Field Operations, U.S. Dep't of Justice Immigration and Naturalization Serv. ("Cronin Memo") (Aug. 30, 2001) (establishing interim relief program).

Lee submitted an application for interim relief to the arm of DHS responsible for issuing of visas, U.S. Citizenship and Immigration Services ("USCIS"). Lee claimed relief on the basis of her usefulness to a federal investigation of a sex trafficking ring that had victimized her. On February 2, 2006, USCIS denied Lee's application for lack of sufficient evidence of several predicates for U visa relief, including, according to the denial letter, proof of "substantial physical or mental abuse" as a result of her victimization; proof that she "possess[ed] information concerning that criminal activity;" and proof that she had been, was being, or was likely to be helpful to law enforcement authorities investigating or prosecuting the crime. Lee also failed to submit the required certification from law enforcement authorities of her assistance. USCIS indicated that Lee could submit further documentation to overcome the deficiencies in her application.

---

[1]DHS issued regulations in September 2007. *See* New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53,014 (Sept. 17, 2007) (to be codified at 8 CFR pts. 103, 212, 214, 248, 274a and 299).

Lee obtained another continuance from the IJ to pursue her U visa application. In late March 2006, Lee sent USCIS a report from a clinical social worker attesting to the psychological harm she suffered at the hands of her sex traffickers. Lee did not submit any further evidence to USCIS.

The IJ held a merits hearing in Lee's case in April 2006. At the conclusion of the hearing, the IJ ordered Lee removed on the grounds that Lee failed to show prima facie eligibility for U visa interim relief. Although she submitted further evidence of psychological harm, she made no showing of her helpfulness to law enforcement officials. The IJ noted that "there is nothing from the United States Attorney's office where this matter is presently pending to indicate that [Lee's] testimony or information is requested or required by that agency." The BIA affirmed without opinion.

## ANALYSIS

Lee argues that the IJ erred in finding her ineligible for U visa interim relief. The appeal faces a more fundamental problem—the IJ did not have the authority to grant Lee interim relief in the first place. Rather, this decision was committed to USCIS.

**[1]** The interim relief program was a DHS effort to provide temporary relief in the form of parole, deferred action, and stays of removal to individuals who showed prima facie eligibility for U visas pending issuance of the regulations. Cronin Memo at 2. At the time Lee applied for interim relief, applicants were required to submit prima facie evidence that they met each statutory requirement for eligibility, and all applications, including those filed by individuals, like Lee, who were in removal proceedings, were processed by the USCIS Vermont Service Center ("VSC"). Memorandum from William R. Yates, Assoc. Dir. of Operations to Director, VSC, USCIS ("Yates Memo 2003"), at 2-3 (Oct. 8, 2003); Memorandum from William R. Yates, Assoc. Dir., Operations to Paul E.

Novak, Dir., Vermont Serv. Ctr., USCIS, at 1-2 (May 6, 2004).

**[2]** The interim program afforded IJs no authority to decide applications for interim relief. Denials or termination of deferred action were not appealable. *See* Yates Memo 2003 at 6. Similarly, the U visa regulations that were ultimately issued provide USCIS with "sole jurisdiction over all petitions for U nonimmigrant status." 8 C.F.R. § 214.14(c)(1); *see also Matter of H-A-*, 22 I&N Dec. 728, 736 (BIA 1999) (noting the IJ's lack of jurisdiction to assess the evidence submitted in support of a visa petition); *Dielmann v. INS*, 34 F.3d 851, 853 (9th Cir. 1994) (upholding the Attorney General's decision to assign adjudication of immediate relative petitions to INS district directors, and not to IJs or the BIA). Even under the new regulations, petitioners who are denied U visas may appeal only to the Administrative Appeals Office of USCIS rather than the immigration court. 8 C.F.R. § 214.14(c)(5)(ii). Because USCIS, and not the IJ, had jurisdiction over Lee's request for interim relief, Lee's appeal fails.[2]

Lee also complains that the U visa regulations "fail[ ] to set a guideline as to the application of the 'likely to be helpful' [criterion]." The point of this argument is unclear as the validity of the regulations is not at issue in this case. In any event, Lee did not exhaust this argument in her appeal to the BIA, and thus we lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1).

The petition for review is DENIED.

---

[2]Even if the IJ had authority to rule on the denial of interim relief, as the IJ held, Lee failed to provide sufficient documentation of her eligibility, including the required certification from a law enforcement official as to her helpfulness in the investigation or prosecution of a crime.