# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1110
_____

Jesus Trevino, also known as Adalid Montiel-Figueroa

*Plaintiff - Appellant*

v.

Benton County, Arkansas; Corey Coggin, Investigator, Benton County Sheriff's
Office, sued in both official and individual capacities; Deputy Travis Newell,
Investigator, Benton County Sheriff's Office, sued in both official and individual
capacities; Nathan Atchinson, Investigator, Benton County Sheriff's Office, sued in
both official and individual capacities; Sheyla Fernandez, Investigator, Benton
County Sheriff's Department, sued in both official and individual capacities

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: October 6, 2014
Filed: October 8, 2014
[Unpublished]
_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Jesus Trevino appeals the district court's[1] adverse grant of summary grant in his 42 U.S.C. § 1983 action, arising from his arrest, detention, and prosecution in Arkansas state court. Trevino also appeals the denial of his motion requesting that the district court provide a certification in support of his application for a "U Visa."

After careful de novo review, we conclude that the grant of summary judgment was proper. *See Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011) (grant of summary judgment is reviewed de novo). In particular, we find that, contrary to Trevino's arguments on appeal, defendants' affidavits were properly considered by the district court, *see United States v. Brooks*, 645 F.3d 971, 977 (8th Cir. 2011) (out-of-court statements offered to explain propriety of police investigation are not hearsay); *Aucutt v. Six Flags Over Mid-Am., Inc.*, 85 F.3d 1311, 1317-18 (8th Cir. 1996) (affidavit recounting reason for decision made by affiant was based on personal knowledge); and that the undisputed evidence showed that there was at least arguable probable cause to arrest Trevino, entitling defendants to qualified immunity, *see Borgman*, 646 F.3d at 522-23 (probable cause for warrantless arrest exists when totality of circumstances are sufficient to lead reasonable person to believe that defendant has committed or is committing offense; arguable probable cause exists where officer mistakenly arrests suspect, if mistake is objectively reasonable). We also conclude that the district court properly disposed of Trevino's claims for unlawful stop, search, and seizure, false imprisonment, and malicious prosecution. *See United States v. Frasher*, 632 F.3d 450, 453-54 (8th Cir. 2011) (minor traffic violation provides probable cause for stop; inventory searches are well-defined exception to warrant requirement of Fourth Amendment); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (malicious prosecution claim is not itself actionable under § 1983); *Anderson v. Franklin Cnty., Missouri*, 192 F.3d 1125, 1132 (8th Cir. 1999) (no false imprisonment claim lies where officers had probable cause for arrest); *United*

---

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

*States v. Lester*, 647 F.2d 869, 874 (8th Cir. 1981) (seizure of property incident to lawful arrest does not violate Fourth Amendment).

Finally, we conclude that the district court did not abuse its discretion in denying Trevino's motion for U-Visa certification. *See Ordonez Orosco v. Napolitano*, 598 F.3d 222, 226 (5th Cir. 2010) (decision to decline issuance of U-Visa certification was discretionary).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____