# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30477
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2014

Lyle W. Cayce
Clerk

RAFAEL ALBERTO LLOVERA LINARES,

Petitioner-Appellant

v.

SHERIFF'S OFFICE OF BROWARD COUNTY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-3289

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rafael Alberto Llovera Linares was convicted of driving under the influence and aggravated fleeing and evading law enforcement in Broward County, Florida, in 2007. He was ordered removed to Venezuela, and that order became administratively final in September 2011. Llovera Linares wishes to file a "U-Visa" petition under 8 U.S.C. § 1101(a)(15)(U)(i), and he moved the district court for injunctive relief in the form of a certification that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would allow him to file such a petition. The district court denied the motion, and Llovera Linares now appeals.

A U-Visa is a type of visa that "can be granted to victims of certain listed crimes who later help United States law enforcement officials investigate or prosecute those crimes." *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 224 (5th Cir. 2010); § 1101(a)(15)(U). Llovera Linares contends that the district court erred in denying him relief because he has made out a prima facie case of eligibility for a U-Visa under § 1101(a)(15)(U)(i). A U-Visa petition must be accompanied by a certification from "a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigating" certain types of enumerated criminal activity of which the petitioning alien has been a victim. 8 U.S.C. § 1184(p)(1). The pertinent federal regulation requires that the person signing the certification have "responsibility for the detection, investigation, prosecution, conviction, or sentencing of qualifying criminal activity." 8 C.F.R. § 214.14(c)(2)(i).

Llovera Linare's U-Visa petition would be based on his claims that the law enforcement officials involved in the Broward County incident engaged in qualifying criminal activity. The decision whether to issue a certification for a U-Visa petition is a discretionary one. *Ordonez Orosco*, 598 F.3d at 226-27. The district court did not abuse its discretion in determining that it was not qualified to issue the certification for Llovera Linares, and the denial of Llovera Linares's motion for injunctive relief is AFFIRMED. Llovera also moves to have this court compel various agencies to launch an investigation into the Broward County incident, and he requests that a judge of this court issue the certification that would allow him to file a U-Visa petition. These motions, as well as any other outstanding motions, are DENIED.