**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4811
_____

ARIPOV SHUKHRAT;
ZUKAUSKIENE REGINA,
                    Appellants

v.

SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY;
DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS);
DISTRICT DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION
SERVICES (USCIS) PHILADELPHIA, PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-04137)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted under Third Circuit LAR 34.1(a)
on June 3, 2014
Before:  HARDIMAN, SCIRICA and ROTH, Circuit Judges

(Filed: January 23, 2015)

_____

O P I N I O N
_____

**ROTH**, Circuit Judge:

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Shukhrat Aripov and Regina Zukauskiene[1] appeal from the District Court's order granting summary judgment to defendants, the Secretary of the U.S. Department of Homeland Security, the Acting Director of the U.S. Citizenship and Immigration Services (USCIS), and the Philadelphia District Director of the USCIS, on Aripov and Zukauskiene's request for relief from the USCIS's denial of their Petitions for U Nonimmigrant status (Form I-918 petitions). For the reasons set forth below, we will affirm.

I.

Aripov is a native and citizen of Uzbekistan. Zukauskiene is a native and citizen of Lithuania. Both entered the United States in 2001 as B-2 nonimmigrant visitors and stayed after their visas and passports expired. On August 15, 2009, they were assaulted in their home. Following the incident, the police checked their identification documents and the Department of Homeland Security commenced removal proceedings against them.

On August 20, 2010, Aripov and Zukauskiene filed Form I-918 petitions, which allow USCIS to grant temporary lawful resident status (known as U-Visas) to victims of certain qualifying crimes who have been helpful, or are likely to be helpful, in the investigation or prosecution of that crime. USCIS later notified Aripov and Zukauskiene that their petitions were incomplete because their passports were expired and they therefore could not demonstrate admissibility, a requirement for obtaining a U-Visa.

---

[1] Although appellants filed this appeal under the names "Aripov Shukhrat" and "Zukauskiene Regina," it appears that they reversed their first names and last names.

USCIS requested that Aripov and Zukauskiene either send a copy of valid passports or obtain waivers of admissibility by filing Applications for Advance Permission to Enter as a Nonimmigrant (Form I-192s).  Aripov and Zukauskiene failed to take either action, and USCIS ultimately denied their petitions.

Following the denial, Aripov and Zukauskiene filed Form I-192s but USCIS denied both applications because there were no pending U-Visa petitions.  Aripov and Zukauskiene then appealed to the Administrative Appeals Office (AAO), which held that Aripov and Zukauskiene were inadmissible because they lacked valid passports and had not filed timely waivers, and, in any event, did not meet the statutory criteria because their assailant was not charged with qualifying crimes.

On July 20, 2012, Aripov and Zukauskiene filed a complaint in the Eastern District of Pennsylvania alleging that the government's denial of their Form I-918 petitions violated the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-06, law of mandamus, 28 U.S.C. § 1361, and the Fifth Amendment of the U.S. Constitution.  On November 27, 2013, the District Court granted summary judgment in favor of the government, concluding that Aripov and Zukauskiene were ineligible for U-Visas because of their inadmissibility and failure to receive a waiver.  The District Court did not address whether they were victims of a qualifying crime.

II.[2]

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331.  We exercise jurisdiction under 28 U.S.C. § 1291.

3

We employ "a *de novo* standard of review to grants of summary judgment, 'applying the same standard as the District Court.'" *Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013) (quoting *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995)). Under the APA, district courts must determine whether agency decisions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An action is arbitrary and capricious if the agency "failed to examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42-43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).

The primary issue on appeal is whether the AAO's denial of appellants' Form I-918 petitions was arbitrary and capricious when it determined that appellants were inadmissible and did not file a timely waiver application. To be eligible for a U-Visa, a petitioner must be "admissible to the United States," 8 C.F.R. § 214.1(a)(3)(i), or have the grounds for inadmissibility waived after filing a Form I-192, *id.* § 214.14(c)(2)(iv). "Any nonimmigrant who . . . is not in possession of a passport valid for a minimum of six months from the date of the expiration of the initial period of the alien's admission or contemplated initial period of stay . . . is inadmissible." 8 U.S.C. § 1182(a)(7)(B)(i)(I). Here, it is undisputed that Aripov and Zukauskiene were ineligible because they lacked valid passports and therefore were required to have those grounds for inadmissibility waived after filing a Form I-192. Even after USCIS specifically requested this

4

information, they failed to submit the appropriate documents. As a result, Aripov and Zukauskiene were ineligible for U-Visas.[3]

Appellants claim that the AAO's imposition of an admissibility requirement is *ultra vires* because admissibility is only an issue at the time of admission, not during adjudication of U-Visa eligibility. According to appellants, requiring admissibility at the time of U-Visa consideration subjects applicants to a large waiver fee, even if their applications are subsequently denied. This prerequisite, however, is based entirely on statutory requirements. According to the statute, "aliens who are inadmissible . . . are ineligible to receive visas," 8 U.S.C. § 1182(a), and not being in possession of a valid passport is a ground of inadmissibility, *id.* § 1182(a)(7)(B)(i)(I). Thus, the District Court did not err in holding that appellants were required to either produce a copy of a valid passport or obtain a waiver.

Appellants also argue that the District Court erred by not considering the AAO's real reason for its denial of the Form I-918 petitions: its determination that Aripov and Zukauskiene were not victims of a qualifying crime. But the AAO first concluded that Aripov and Zukauskiene were inadmissible to the United States because they did not possess valid passports and their Form I-192s were denied. The AAO then determined— as an alternative basis for denying the petitions—that Aripov and Zukauskiene were not victims of a qualifying crime. The District Court did not need to consider this alternative argument because the AAO could have denied Aripov and Zukauskiene's petitions solely

---

[3] The fact that Aripov and Zukauskiene submitted Form I-192s *after* USCIS denied their petitions does not compel a different result. Once USCIS denied their petitions, it was futile for the agency to consider untimely Form I-192s.

5

on the basis of inadmissibility. Accordingly, the District Court correctly held that the AAO's decision was not arbitrary and capricious and therefore did not violate the APA.

Aripov and Zukauskiene's remaining claims also fail. A writ of mandamus cannot be used to compel or control a federal officer's discretionary duties. *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984). Since the applicable statutes provide USCIS with the sole discretion to determine eligibility for U-Visas, *see Torres-Tristan v. Holder*, 656 F.3d 653, 656 n.3 (7th Cir. 2011), mandamus is not warranted. Similarly, Aripov and Zukauskiene's due process claim fails because they are not entitled to a visa as a matter of right, *see id.*, and therefore have no claim of entitlement to a liberty or property interest, *see Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 579 (1972).

## III.

For the foregoing reasons, we will affirm the District Court's judgment.