**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ADRIANA PEREZ-CORONA,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  15-70391<br><br>Agency No. A205-711-227<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:  SILVERMAN, BEA, and WATFORD, Circuit Judges.

Adriana Perez-Corona, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, and review de novo

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not err or abuse its discretion in denying Perez-Corona's motion to reopen, where neither the BIA nor the immigration judge ("IJ") has jurisdiction over a U Visa petition, an outstanding removal order does not bar U Visa relief, and she did not show eligibility for any relief that she could pursue in reopened removal proceedings. *See Lee v. Holder*, 599 F.3d 973, 975-76 (9th Cir. 2010) (holding that USCIS has "sole jurisdiction" over claims of eligibility for a U Visa pursuant to 8 C.F.R. § 214.14(c)(1)).

The record does not support Perez-Corona's contentions that the BIA denied her motion to reopen as untimely or prevented her from presenting new evidence. Accordingly, her due process contentions fail. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

To the extent Perez-Corona contends that her former counsel failed to submit evidence in support of her application for asylum and related relief, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

To the extent Perez-Corona challenges the BIA's September 25, 2014, order

dismissing her appeal from an IJ's decision denying her application for asylum and related relief, we lack jurisdiction to consider that contention, because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Ayala v. Sessions*, 855 F.3d 1012, 1018 (9th Cir. 2017) ("The time limit is mandatory and jurisdictional and not subject to equitable tolling." (internal quotations and citations omitted)).

In light of our disposition, we do not reach Perez-Corona's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**