**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO JUAREZ CASTILLO, AKA Francisco Juarez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-70591 <br><br> Agency No. A205-721-799 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Francisco Juarez Castillo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to remand and review de novo claims of due process violations in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Juarez Castillo did not show exceptional and extremely unusual hardship to his U.S. citizen wife, where his contention that the BIA did not consider relevant factors is not supported and he otherwise has not presented a colorable legal or constitutional claim. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (no jurisdiction to consider agency's hardship determination absent a colorable legal or constitutional claim); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (no jurisdiction to consider whether agency's hardship determination was consistent with its prior decisions).

The BIA did not abuse its discretion in declining to remand or administratively close, where neither the BIA nor the IJ has jurisdiction over a U visa petition. *See* 8 C.F.R. § 1003.2(a); *Lee v. Holder*, 599 F.3d 973, 975-76 (9th Cir. 2010). To the extent Juarez Castillo challenges the BIA's October 15, 2018, order, that decision is not on review in this petition.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

18-70591