**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN RASCON-SIERRA, AKA Dean Sierra-Rascon,<br><br>               Petitioner,<br><br>  v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>               Respondent. | No.   19-71294<br><br>Agency No. A095-131-960<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021**
Phoenix, Arizona

Before: HAWKINS, BEA, and BUMATAY, Circuit Judges.

Dean Sierra-Rascon, a citizen of Mexico, petitions for review of the Board of

Immigration Appeals' ("BIA") denial of his claims for withholding of removal and

Convention Against Torture ("CAT") protection. We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252(a)(1) and review denials of withholding of removal and CAT relief for "substantial evidence." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). We deny the petition.

1. Substantial evidence supports the denial of withholding of removal because Sierra failed to establish "a clear probability that his life or freedom would be threatened if he returned to his homeland on account of race, religion, nationality, membership in a particular social group, or political opinion." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (simplified).

Our review of an adverse credibility finding is "significantly restricted." *Id.* at 1041 (simplified). The immigration judge ("IJ") concluded that Sierra did not testify credibly and that other evidence did not independently establish his eligibility for relief. The BIA affirmed that conclusion. A review of the record shows that Sierra testified inconsistently about his encounters with his brother, his alleged persecutor, including whether his brother used weapons or was accompanied by others. Although Sierra offered explanations for some of his discrepancies, the IJ and BIA were entitled to reject those reasons. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). For example, the IJ and BIA permissibly discounted his explanation for stating the wrong date of his entry into the United States on his I-589, which had been prepared with the assistance of counsel.

2

In addition to the discrepancies in the record, the IJ and BIA found it implausible that Sierra was threatened by his brother three times in twelve years in a "strikingly similar" fashion. Implausibility may form the basis of a credibility determination, and nothing in the record *compels* a different finding here. *Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007).

Given these issues with credibility, the evidence also does not compel reversing the IJ's weighing of Sierra's expert witness testimony. *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). The IJ found the expert's testimony, although credible, was based on Sierra's own untrustworthy and speculative assertion that his brother was a member of the Sinaloa Cartel. As the BIA held, such a reason supports discounting the weight of an expert's testimony.

Substantial evidence also supports the conclusion that there was no nexus between Sierra's alleged persecution and his membership in the social group of "male members of the Sierra Rascon family." Despite Sierra's claim that the IJ and BIA incorrectly applied the more demanding "one central reason" asylum standard, neither did so since they found no nexus between his proposed group and his likelihood of experiencing persecution *at all*. *See Barajas Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) ("We drew no distinction between the 'one central reason' phrase in the asylum statute and the 'a reason' phrase in the withholding

3

statute, because there was no nexus at all between the feared persecution and political opinion.").

2. Substantial evidence supports the denial of CAT protection. To demonstrate eligibility for CAT relief, an alien must "show that it is more likely than not that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (simplified). Sierra claims that the BIA impermissibly allowed its adverse credibility finding to influence its CAT claim analysis. But "when a petitioner's claims under the CAT are based on the same statements that the BIA determined to be not credible in the asylum context, the agency may rely upon the same credibility determination in denying both the asylum and CAT claims." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (simplified). Here, the BIA and IJ denied Sierra's CAT claim for the same reasons as the withholding claim—Sierra relies only on a speculative assertion that his brother was a member of the Sinaloa Cartel and has failed to show that his similarly situated brothers are more likely than not to suffer torture in Mexico. Based on the record before us, we are not compelled to reverse the denial of Sierra's CAT claim.

3. The BIA did not abuse its discretion in denying Sierra's motion to remand based on his wife's pending application for a derivative U-visa for him. It is uncontested that neither the BIA nor IJ has jurisdiction over U-visas. *See* 8 C.F.R.

§ 214.14(c)(1); *Lee v. Holder*, 599 F.3d 973, 975 (9th Cir. 2010) (holding that the United States Citizenship and Immigration Services has "sole jurisdiction over all petitions for U nonimmigrant status"). Nonetheless, Sierra requested remand to "afford him time to await the USCIS's adjudication of his [U-visa] applications." This is not grounds to overturn the BIA's exercise of discretion.

**DENIED.**