**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MANUEL JOSE LUIS RAMIREZ
SANCHEZ; LETICIA RAMIREZ,
                    *Petitioners,*

            v.

MICHAEL B. MUKASEY,* Attorney
General,
                    *Respondent.*

No. 06-70396

Agency Nos.
A73-988-052
A73-985-551

MANUEL JOSE LUIS RAMIREZ
SANCHEZ; LETICIA RAMIREZ,
                    *Petitioners,*

            v.

MICHAEL B. MUKASEY,* Attorney
General,
                    *Respondent.*

No. 06-73026

Agency Nos.
A73-988-052
A73-985-551

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 8, 2007—Pasadena, California

Filed December 4, 2007

Before: Before: Betty B. Fletcher, Stephen Reinhardt, and
Pamela Ann Rymer, Circuit Judges.

*Michael B. Mukasey is substituted for his predecessor, Alberto R.
Gonzales, as Attorney General of the United States, pursuant to Fed. R.
App. P. 43(c)(2).

15905

Per Curiam Opinion

**COUNSEL**

Juan A. Laguna, Esq., Law Offices of Juan A. Laguna, Santa Ana, California, for the petitioner.

Peter D. Keisler, Esq., James A. Hunolt, Esq., Kristin K. Edison, Esq., Office of Immigration Litigation, Civil Division,

United States Department of Justice, Washington, D.C., for the respondent.

---

**OPINION**

PER CURIAM:

**[1]** When the proceedings before the Board of Immigration Appeals (BIA) took place in this case, neither petitioners nor the BIA had the benefit of regulatory guidance regarding U Visas.[1] The BIA declined to remand or reopen petitioners' case — despite their outstanding U Visa application — because petitioners based their U Visa application on an offense that was not charged in the criminal complaint. As the preamble to the regulations makes clear, however, inclusion of the qualifying crime in the indictment or complaint is not a predicate to U Visa relief. 72 Fed. Reg. 53018 (Sept. 17, 2007).

---

[1]An alien who is a victim of a "qualifying crime" and who cooperates with law enforcement is eligible for temporary "U" nonimmigrant status, which allows the alien to remain lawfully in the country to assist in the investigation or prosecution of the crime. 8 U.S.C. § 1101(a)(15)(U). A petition for a U Visa must include a certification from law enforcement stating that the petitioner "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of the criminal activity. 8 U.S.C. § 1184(p). An alien with U nonimmigrant status may remain in the United States for up to four years. 8 U.S.C. § 1184(p)(6). This period may be extended upon certification from law enforcement that the alien's continued presence is required. The Department of Homeland Security may adjust an alien to permanent resident status if the alien has been physically present for at least 3 years since the date of admission as a nonimmigrant and if "the alien's continued presence in the United States is justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest." 8 U.S.C. § 1255(m)(1).

**[2]** The regulations also make clear that although United States Citizenship and Immigration Services (USCIS) has sole jurisdiction over the issuance of U Visa petitions, the BIA and the Immigration Judge have the authority to continue their proceedings at the request of a petitioner who has applied for a U Visa or to terminate proceedings without prejudice at the joint request of the petitioner and Immigration and Customs Enforcement (ICE). 8 C.F.R. § 214.14(c)(i); *see also* 72 Fed. Reg. 53022 n.10 ("While this rule specifically addresses joint motions to terminate, it does not preclude the parties from requesting a continuance of the proceedings."); 8 C.F.R. § 214.14(c)(ii)(providing that a U Visa petitioner who is subject to a final removal order may request a stay of removal).

**[3]** Although we do not have jurisdiction to review petitioners' challenge to the BIA's hardship determinations, *see Romero-Torres v. Ashcroft*, 327 F.3d 887, 890-91 (9th Cir. 2003), and our precedent forecloses their argument that the BIA's construction of the hardship standard violates due process, *see Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003), we remand to the BIA to consider petitioners' request in light of the new U Visa regulations as a request for a continuance, or to consider any joint motion for a stay or termination.[2] On remand, petitioners may submit to the BIA any additional evidence that they may have with respect to their application for a U Visa. The papers previously submitted by petitioners to the BIA and the IJ shall be deemed part of the record before it.

**REMANDED.**

---

[2]On November 16, 2007, the Attorney General filed a motion to stay proceedings in this court pending the adjudication of petitioners' U Visa applications. We deny the request as moot but refer it to the BIA as the appropriate body to grant the Attorney General's request to have further action delayed while the USCIS adjudicates the U Visa.