**Jean Carlos ORDONEZ–GARAY, Ordonez–Garay,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74181.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Aug. 28, 2008.

Bruce Leichty, Law Offices of Bruce Leichty, Clovis, CA, for Petitioner.

OIL, Terri Jane Scadron, Manuel A. Palau, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: D.W. NELSON, REINHARDT, and BEA, Circuit Judges.

## MEMORANDUM *

Jean Carlos Ordonez–Garay petitions for review of the BIA's order affirming the immigration judge's ("IJ") decision denying Ordonez–Garay's claims for asylum, withholding of removal, and relief under the Convention Against Torture, and ordering Ordonez–Garay removed to Venezuela. Ordonez–Garay also seeks review of the BIA's holding that the IJ did not abuse her discretion in denying Ordonez–Garay's motion for a continuance to allow him to pursue an application for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition in part and hold that the IJ abused her discretion in denying the motion for a continuance.

We review the IJ's denial of a motion to continue proceedings for abuse of discretion. *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir.2004).[1]

On April 28, 2005, Ordonez–Garay filed a motion to continue his asylum hearing based on his pending request, made pursuant to the Freedom of Information Act, to obtain a copy of his immigration file. Ordonez–Garay stated he had recently married a United States citizen and was in the process of filing the documents necessary to apply for adjustment of status to that of permanent resident on the basis of his marriage. The information in the file was necessary to prove Ordonez–Garay had been paroled into the United States.[2] On June 3, 2005, the IJ orally denied Ordonez–Garay's motion for a continuance. The IJ denied the motion based on a regulation in effect at the time, 8 C.F.R. § 245.1(c)(8), which precluded "any arriving alien who is in removal proceedings" from applying for adjustment of status. After the IJ's decision, however, this court held 8 C.F.R. § 245.1(c)(8) was invalid. *Bona v. Gonzales*, 425 F.3d 663, 668 (9th Cir.2005). Because *Bona* was decided while Ordonez–Garay's direct appeal to the BIA was still pending, we must apply the rule announced in *Bona* in this case. *See Alvarenga–Villalobos v. Ashcroft*, 271 F.3d 1169, 1172 (9th Cir.2001). Accordingly, the IJ's decision was based on an understandable, but erroneous, view of the law and thus constituted an abuse of discretion. *See In re Arden*, 176 F.3d 1226, 1228 (9th Cir.1999).

In her oral decision, the IJ also stated that she could not grant Ordonez–Garay's motion for a continuance because

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the BIA reviewed the IJ's denial of the motion to continue for abuse of discretion (and did not conduct a *de novo* review of the record), we review the IJ's decision directly

for abuse of discretion. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997).

2. Proof of being admitted or paroled into the United States is required to adjust status to that of a legal permanent resident. 8 U.S.C. § 1255(a).

of a directive from "headquarters" mandating that all cases pending since January 1, 2002, (including Ordonez–Garay's) be completed by June 30, 2005. A motion for a continuance, however, cannot be denied solely on the basis of expediency. *See Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988) (holding the IJ abused his discretion in denying petitioner's motion for a continuance and change of venue to the city in which petitioner's counsel and witnesses were located, stating: " 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay' can render the alien's statutory rights merely 'an empty formality.' ") (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)). Thus, to the extent the IJ relied on the arbitrary June 30, 2005 deadline to deny Ordonez–Garay's motion to continue, this was error.

During her oral decision, the IJ added "and I have not seen anything in the record to indicate that the respondent was paroled [into the United States.]" During the June 8, 2005 asylum hearing, however, the IJ made clear that she was denying Ordonez–Garay's motion to reconsider her denial of the motion to continue based not on any purported lack of evidence regarding Ordonez–Garay's parole status, but instead based on 8 C.F.R. § 245.1(c)(8) (which was later found invalid by the Ninth Circuit):

> I think [Ordonez–Garay] raised ... a reasonable issue about why the notice to

EOIR has the word parole on it [and thus, whether Ordonez–Garay was paroled into the United States]. And, it may well be that in the First Circuit [which had already held 8 C.F.R. § 245.1(c)(8) was invalid at the time of the IJ's decision], and, maybe even in the Ninth, if you were to take it up [on appeal], that that word would be enough to invoke some kind of rights. *But, I can't make that determination ....* I can't use a First Circuit holding in the Ninth Circuit.

(emphasis added).

Thus, because the IJ based her decision to deny Ordonez–Garay's motion for a continuance on an invalid regulation (and, to some extent, an artificial deadline imposed solely for the sake of expediency), we hold the IJ abused her discretion in denying the motion.[3] Accordingly, we grant the petition in part, and remand for a renewed exercise of the BIA's discretion to determine whether reopening and/or continuing the case is warranted to allow Ordonez–Garay to pursue adjustment of status before the USCIS. *See generally Ramirez Sanchez v. Mukasey*, 508 F.3d 1254, 1255–56 (9th Cir.2007). Pending the BIA's determination whether to reopen or continue the case, the temporary stay of removal shall stay in place. We do not address, and express no opinion as to the merits of, Ordonez–Garay's underlying claims for asylum, withholding of removal, and CAT relief. Ordonez–Garay may renew his pe-

---

**3.** On appeal, the BIA held a remand to the IJ was not necessary because a newly enacted regulation clarified that, as an arriving alien, Ordonez–Garay must pursue any application for adjustment of status with the United States Citizenship and Immigration Services ("USCIS"), not the IJ. *See Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Sta-*

*tus*, 71 Fed.Reg. 27585–592 (May 12, 2006) (codified at 8 C.F.R. §§ 1.1, 245.1, 245.2, 1001.1, 1245.1, 1245.2). This conclusion, however, is contrary to our recent holding in *Kalilu v. Mukasey*, 516 F.3d 777, 780 (9th Cir.2008) (holding the BIA may, in its discretion, grant a motion to continue or reopen to allow an alien to pursue adjustment of status before the USCIS).

 

tition for review of these claims following final disposition of his request for a continuance to pursue adjustment of status.

**PETITION GRANTED IN PART.**