**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CEZAREO SANCHEZ SOSA; PAZ ROSALBA SANCHEZ; ERICK RODOLFO SANCHEZ CRESPO; SUSANA MAYREL SANCHEZ CRESPO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-73167 <br><br> Agency Nos. A095-308-750 <br> A095-308-751 <br> A095-308-752 <br> A095-308-753 <br><br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Cezareo Sanchez Sosa and Paz Rosalba Sanchez, husband and wife, and

their adult children, all natives and citizens of Mexico, petition for review of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

RA/Research

Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") removal order, and denying their motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and the denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam). We deny in part and grant in part the petition for review and remand.

The BIA did not abuse its discretion in denying the petitioners' motion to remand proceedings to apply for adjustment of status because they failed to establish prima facie eligibility for such relief. *See Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992-93 (9th Cir. 2007).

The IJ abused his discretion in failing to grant petitioners' motion for a continuance so that they could pursue a U visa application. They submitted appropriate documentation to establish that they were eligible for such relief. *See Ahmed v. Holder*, 569 F.3d 1009, 1013-14 (9th Cir. 2009); *see also Ramirez Sanchez v. Mukasey*, 508 F.3d 1254, 1255-56 (9th Cir. 2007) (per curiam). Accordingly, we need not reach petitioners' due process contention.

Each party shall bear their own costs.

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**