**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE AGUSTIN LLACUNA, AKA Michelle Llacuna Anunciacion, AKA Jane Doe, AKA Concetta Vasquez, | No. 12-72973 |
| Petitioner, | Agency No. A043-893-350 |
| v. | ORDER[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2016
San Francisco, California

Before: SILVERMAN and TALLMAN, Circuit Judges, and LASNIK,[**] District Judge.

Michelle Agustin Llacuna, aka Concetta Vasquez, a native and citizen of the

Philippines, petitions for review of the Board of Immigration Appeals' (BIA)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert S. Lasnik, Senior United States District Judge for the Western District of Washington, sitting by designation.

dismissal of an Immigration Judge's (IJ) decision denying her applications for adjustment of status under INA § 245 and for a waiver of inadmissibility under INA § 237(a)(1)(H). We dismiss Vasquez's petition for review.

**1.** Pursuant to INA § 242(a)(2)(B)(ii), we lack jurisdiction to review the BIA's discretionary denial of Vasquez's fraud waiver application. 8 U.S.C. § 1252(a)(2)(B)(ii). Vasquez fails to present a colorable constitutional claim or legal question to preserve judicial review of the agency's discretionary waiver determination under INA § 237(a)(1)(H), which is an "act of grace" rendered pursuant to the Attorney General's "unfettered discretion." *I.N.S. v. Yang*, 519 U.S. 26, 30 (1996) (internal citation omitted); *see San Pedro v. Ashcroft*, 395 F.3d 1156, 1157 (9th Cir. 2005) (ultimate authority whether to grant fraud waiver application rests "entirely in the discretion of the Attorney General"); *see also* REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), *codified as* 8 U.S.C. § 1252(a)(2)(D) (preserving judicial review over constitutional and legal claims).

Instead, Vasquez takes issue with how the agency weighed the relevant evidence, a matter over which we lack jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (court has no jurisdiction to hear an argument that the IJ abused its discretion); *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267,

1271 (9th Cir. 2001) ("To determine whether we have jurisdiction over claims labeled as due process violations, we must look beyond the label."). For instance, Vasquez's arguments that "the IJ understated the economic hardship [her] family would experience upon moving to the Philippines" and that the agency allowed her initial fraudulent entry to "outweigh every favorable factor" are improper attempts to "create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in [legal] garb." *Torres-Aguilar*, 246 F.3d at 1271. Accordingly, we dismiss for lack of jurisdiction Vasquez's challenge to the agency's discretionary denial of her fraud waiver application.

**2.** Vasquez argues for the first time on appeal that her former counsel was ineffective for failing to contest her removability under INA § 237(a)(2)(A)(ii) and for failing to get prior permission for Vasquez's children to testify before the IJ. We dismiss Vasquez's IAC claim on the grounds that she failed to exhaust her available administrative remedies. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) ("Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence."). Vasquez's failure to file a motion to reopen before the BIA, to complain of attorney conduct that occurred entirely during her removal proceedings, deprives us of a complete record to pass on this claim. *See id.*; *see also Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004)

3

(permitting equitable tolling to excuse petitioner's untimely motion to reopen).

Vasquez may not circumvent the requirements of *Matter of Lozada*, 19 I. & N.

Dec. 637 (BIA 1988), by raising her IAC claim for the first time on appeal without

first exhausting her administrative remedies. Even if we were to reach the merits

of Vasquez's IAC claim, she would not be able to demonstrate prejudice as she is

still clearly removable on two separate grounds. *See Mohammed v. Gonzales*, 400

F.3d 785, 793 (9th Cir. 2005) (to prevail on an IAC claim, petitioner must

demonstrate that counsel failed to perform with "sufficient competence" and that

"she was prejudiced by counsel's performance"). In sum, we dismiss Vasquez's

IAC claim on the grounds that she failed to exhaust the administrative remedies

that were available to her.

**PETITION FOR REVIEW DISMISSED.**