**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDY SALVADOR RIVERA-MANCIA, | No. 15-71696 |
| Petitioner, | |
| v. | Agency No. A036-277-160 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Andy Salvador Rivera-Mancia, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") denial of his application for a waiver of

inadmissibility under former INA § 212(c).  Our jurisdiction is governed by 8

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo questions of law. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary decision to deny a waiver under former INA § 212(c). *See id.* at 923 (citing 8 U.S.C. § 1252(a)(2)(B)(ii)). Although this court retains jurisdiction to review colorable questions of law or constitutional claims, *see* 8 U.S.C. § 1252(a)(2)(D), Rivera-Mancia's challenges to the agency's weighing and evaluation of his equities in exercising its discretion are not colorable challenges that invoke our jurisdiction. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979-80 (9th Cir. 2009) (the court lacks jurisdiction to review "an abuse of discretion argument [cloaked] in the garb of a question of law"). Although Rivera-Mancia contends that the IJ erred in not considering the hardship to his wife and future child because his marriage took place when Rivera-Mancia was already in proceedings, the BIA considered this equity as part of its de novo review. Rivera-Mancia also contends that the IJ erred in disregarding his employment as an equity; however, the BIA determined it would not treat this as a negative factor in its own balancing of the equities.

We lack jurisdiction to consider Rivera-Mancia's unexhausted contentions that his situation is analogous to that of Special Immigrant Juveniles; that the IJ

refused a request for a Spanish interpreter or that there were translation issues; and that the IJ should have realized that the witnesses had not been properly prepared by Rivera-Mancia's former counsel before being called to testify. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency). Rivera-Mancia also failed to exhaust his contentions that the IJ erred in relying on *Matter of Buscemi*, 19 I. & N. Dec. 628 (BIA 1988), to require Rivera-Mancia to establish unusual or outstanding equities, and that the IJ erred in disregarding his coaching of his daughter's soccer team as being an example of his giving back to the community in which he lives. *See Tijani*, 628 F.3d at 1080.

Rivera-Mancia waived any challenge to the BIA's determinations regarding due process by failing to address them in his opening brief. *See id.* (a petitioner waives an issue by failing to raise it in the opening brief).

We deny Rivera-Mancia's motion to take judicial notice of his related supporting documentation (Docket Entry No. 18). *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (explaining standard for review of out-of-record evidence).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**