**Jason Sinagwana NSINANO,**
**Petitioner,**

**v.**

**Jefferson Beauregard SESSIONS III**
**(Attorney General of the United**
**States), Respondent.**

**Case No. 5:17–cv–00094–VBF (GJS)**

United States District Court,
C.D. California.

Signed 02/21/2017

Jason Sinagwana Nsinano Adelanto, CA pro se.

Assistant 2241–194 US Attorney LA–CV, AUSA—Office of US Attorney, Los Angeles, CA, OIL–DCS Trial Attorney, Office of Immigration Litigation District Court Section, Washington, DC, for Respondent.

## AMENDED ORDER

Dismissing the Section 2241 Habeas Corpus Petition With Prejudice for Lack of Subject–Matter Jurisdiction;

Directing Entry of Separate Judgment

VALERIE BAKER FAIRBANK,
Senior United States District Judge

Jason Sinagwana Nsinano ("petitioner") is a federal immigration detainee being housed in a privately operated federal prison in Adelanto, California. Proceeding *pro se*, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("petition") against the United States Attorney General[1] on January 19, 2017. *See* Case Management / Electronic Case Filing System Document ("Doc") 1. On February 1, 2017, Petitioner filed exhibits in support of the petition (Doc 4). **For the reasons that follow, the Court will dismiss this habeas petition with prejudice due to an irremediable lack of subject-matter jurisdiction.** The Court will then enter final judgment in favor of the respondent Attorney General accordingly.

Petitioner's removal proceedings are ongoing and Petitioner has applied for asylum in the United States. **Petitioner states that he is eligible for "U" nonimmigrant ("U visa") classification because he was the victim of identity theft by another prisoner while being housed at the Adelanto facility. He contends he is qualified for such classification because identify theft is a qualifying crime under 8 U.S.C. § 1101(a)(15)(U).** The Petition thus challenges petitioner's continued detention by the Department of Homeland Security's U.S. Immigrations and Customs Enforcement agency ("ICE")

---

1. The complaint was filed January 19, 2017 and named as respondent Loretta Lynch, who was then the Attorney General. **Following President Donald John Trump's inauguration on January 20, 2017, the U.S. Senate confirmed his nominee Jeff Sessions as Attorney General on February 8; Sessions was sworn in on February 9, 2017.** *See* Washington Times website, http://www.washingtontimes.com/news/2017/feb/8/jeff-sessions-confirmed-attorney-general-after-bit/ (Feb. 8, 2017), retrieved Feb. 16, 2017; *see also* Chicago Tribune website, http://www.chicagotribune.com/news/nationworld/politics/ct-new-attorney-general-dana-boente-20170130-story.html

(Jan. 30, 2017), retrieved February 17, 2017 (U.S. Attorney Dana Boente served as President Trump's Acting Attorney General from January 30, 2017 through Feb. 8, 2017).

**Accordingly, the Court substitutes Sessions as respondent in place of Lynch.** *See, e.g., Shimisany v. Thompson*, 2017 WL 592160, *1 (D.N.J. Feb. 14, 2017) ("Lori Scialabba (Acting Director, U.S. Citizenship and Immigration Services), John F. Kelly (Secretary, Department of Homeland Security), and Jeff Sessions (Attorney General of the United States) are hereby substituted for Defendants Rodriguez, Johnson, and Lynch.").

following the alleged crime. The Petition names as respondent the Attorney General of the United States.

 "Federal courts are courts of limited jurisdiction, and parties may not expand that jurisdiction by waiver or consent." *Herklotz v. Parkinson*, 848 F.3d 894, 897, 2017 WL 586466, *2 (9th Cir. 2017) (Berzon, Nguyen, N.D. Ohio D.J. Zouhary) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam)). **Accordingly, federal subject-matter jurisdiction must exist at the time an action is commenced,** *see Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (internal citations omitted).

Because subject-matter jurisdiction concerns the authority of the court to hear a particular case or controversy, it is a threshold issue that may be raised at any time and by any party. Fed. R. Civ. P. 12(b)(1). **Even where neither party contests subject-matter jurisdiction, the Court is bound to raise the issue *sua sponte* if the existence of such jurisdiction is even "questionable", and must dismiss the case if no subject-matter jurisdiction exists.** *See* Fed. R. Civ. P. 12(h)(3); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) (internal citation omitted).

Petitioner seeks a U Visa in order to be recognized as a nonimmigrant under 8 U.S.C. § 1101(a)(15)(U). A petitioner may be considered a nonimmigrant under this section where the Secretary of Homeland Security determines that:

(1) "the alien has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity described in [8 U.S.C. § 1101(a)(15)(U)(iii) (referred to as "clause (iii)") ]";

(2) "the alien . . . possesses information concerning criminal activity described in clause (iii)";

(3) "the alien . . . has been helpful . . . to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting criminal activity described in clause (iii)"; and

(4) "the criminal activity described in clause (iii) violated the laws of the United States . . . ."

Title 8 U.S.C. § 1101(a)(15)(U).

Clause (iii) of Title 8's "U–Visa" provision states that

the criminal activity referred to in this clause is that involving one or more of the following or any similar activity in violation of Federal, State, or local criminal law: rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; stalking; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; fraud in foreign labor contracting (as defined in section 1351 of Title 18); or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes; . . . .

*Id.* The DHS's immigration regulations set out the petitioning procedures for a U Visa. *See* 8 C.F.R. § 214.14 subsec. c ("Application procedures for U nonimmigrant status"). The regulations state that U.S. Citizenship and Immigration Services ("USCIS") has "sole jurisdiction over all

petitions for U nonimmigrant status." 8 C.F.R. § 214.14(c)(1).

■ The U–Visa regulations also explain that "USCIS will determine, in its sole discretion, the evidentiary value of previously or concurrently submitted evidence . . . ." 8 C.F.R. § 214.14(c)(4) ("Evidentiary standards and burdens of proof"). Thus, U Visas are "committed to USCIS' discretion by law" and "the applicable statutes do not mandate a particular outcome or confer any established or protected interest in the grant of a 'U' visa." *See Catholic Charities CYO v. Chertoff*, 622 F.Supp.2d 865, 880 (N.D. Cal. 2008), *aff'd* 368 Fed.Appx. 750 (9th Cir. 2010). Petitioners may appeal a denial of a U Visa to the USCIS Administrative Appeals Office. 8 C.F.R. § 214.14(c)(5)(ii).

A petitioner may not submit an "U" visa application without first obtaining a law enforcement certification from a federal, state, or local law enforcement official, prosecutor, judge, or other federal, state, or local authority investigating the criminal activity described in § 1101(a)(15)(U)(iii), above, stating that the alien "has been helpful, is being helpful, or is likely to be helpful in the investigation or prosecution of" such criminal activity. *See* 8 U.S.C. § 1184(p)(1). The certification may also be provided by a DHS official whose ability to provide such certification is not limited to information concerning immigration violations. *Id.*

■ Nsinano's petition asks the Court to determine that he is eligible for U nonimmigrant status and compel issuance of a law-enforcement certification stating he was the victim of identity theft. **The Court does not have jurisdiction to decide this issue or to grant the requested relief.**

**First, the Court does not have jurisdiction to address the Petition because it challenges an exercise of discretion by the USCIS.** *See United States v. Cisneros-Rodriguez*, 813 F.3d 748, 767 (9th Cir. 2015) (referring to "discretionary forms of relief, such as waivers of inadmissibility and U visas"). The Court is not aware of any federal court that has exercised jurisdiction over questions of a Petitioner's eligibility for a U–Visa. *See Lee v. Holder*, 599 F.3d 973, 975–76 (9th Cir. 2010) (holding that USCIS has "sole jurisdiction" over Plaintiff's claims of eligibility for a U–Visa pursuant to 8 C.F.R. § 214.14(c)(1)). In fact, even in cases where the USCIS issued a U–Visa denial, district courts have declined to exercise review under the Administrative Procedures Act ("APA") because the decision whether to issue a U–Visa to an alien is discretionary. *See Catholic Charities CYO*, 622 F.Supp.2d at 880; *Mondragon v. U.S.*, 839 F.Supp.2d 827, 829 (W.D.N.C. 2012).

**The Ninth Circuit has declined review of a U Visa denial on the ground that the USCIS has sole jurisdiction over U Visas.** *See Seo v. Holder*, 358 Fed.Appx. 884 (9th Cir. 2009) (*citing Ramirez Sanchez v. Mukasey*, 508 F.3d 1254, 1256 (9th Cir. 2007)); *see also Baiju v. United States Dep't of Labor*, 2014 WL 349295, *19 (E.D.N.Y. Jan. 31, 2014) ("The decision to sign a U–Visa certification form is discretionary.") (citing *Orosco v. Napolitano*, 598 F.3d 222, 226 (5th Cir. 2010) (noting that satisfaction of statutory prerequisites for U Visa does not automatically entitle an alien to certification)), *appeal dismissed*, No. 14–394 (2d Cir. Apr. 25, 2014).

Although those cases did not involve a habeas petition, the Ninth Circuit recognized prior to the dissolution of the Immigration and Naturalization Service ("INS") and before the USCIS adopted many of its functions, that "[h]abeas is available to claim that the INS somehow failed to exercise discretion in accordance with federal law or did so in an unconstitutional man-

ner" but it "is not available to claim that the INS simply came to an unwise, yet lawful, conclusion when it did exercise its discretion." *Gutierrez–Chavez v. INS*, 298 F.3d 824, 828 (9th Cir. 2002).

Declining habeas review of a U Visa denial "is consistent with the fact that 'review of discretionary determinations was not traditionally available in habeas proceedings.' " *Geminiano–Martinez v. Beers*, 2013 WL 6844717, *4 (D. Nev. Dec. 13, 2013) (Mirandu Du, J.) (quoting *Negrete v. Holder*, 567 F.3d 419, 422 (9th Cir. 2009) (citing *Ramadan v. Gonzales*, 479 F.3d 646, 654 (9th Cir. 2007))), *appeal dismissed*, No. 14–15264 (9th Cir. Dec. 9, 2014). *See also INS v. St. Cyr*, 533 U.S. 289, 307–308, 121 S.Ct. 2271, 2283, 150 L.Ed.2d 347 (2001) (noting the "strong tradition in habeas corpus law … that subjects the legally erroneous failure to exercise discretion, unlike a substantively unwise exercise of discretion, to inquiry on the writ") (citing Neuman, "Jurisdiction and the Rule of Law After the 1996 Immigration Act", 113 HARVARD L. REV. 1963, 1991 (2000)) (internal quotation marks omitted).

Today's determination that the Court lacks jurisdiction to review the discretionary decision on a U–Visa application "is also consistent with the immigration code itself, which contains a jurisdictional bar against review of decisions 'the authority for which is spec-

ified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security.' " *Geminiano–Martinez*, 2013 WL 6844717 at *3 (quoting 8 U. S. C. section 1252(a)(2)(B)(ii)). *See also generally Bonilla v. Lynch*, 840 F.3d 575, 587 (9th Cir. 2016) ("[The] IIRIRA [statute] stripped courts of jurisdiction to review most discretionary decisions or actions of the Attorney General and Secretary of Homeland Security, the authority for which was specified under a particular statutory subchapter. The REAL ID Act of 2005 clarified, however, that courts were not precluded from reviewing 'constitutional claims or questions of law raised upon a petition for review.' ") (citing 8 U. S. C. sections 1252(a)(2)(B)(ii) and 1252(a)(2)(D)).[2]

Accordingly, the Court does not have jurisdiction to review Petitioner's eligibility for a U–Visa and must therefore dismiss the section 2241 habeas petition.

DISMISSAL MUST BE *WITH* PREJUDICE, i.e. Without Leave to Amend

 "[D]ismissal without leave to amend is proper where it is clear that the 'deficiencies of the complaint could not be cured by amendment.' " *Pollender v. United States*, 2012 WL 1535231, *4 (C.D. Cal. Feb. 24, 2012) (Patrick J. Walsh, M.J.) (quoting *Cato v. United States*, 70 F.3d 1103, 1106–1107 (9th Cir. 1995)), *R & R*

2. *Cf., e.g., Rivera–Mancia v. Lynch*, 656 Fed. Appx. 862, 863 (9th Cir. 2016) (Schroeder, Canby, Callahan) ("We lack jurisdiction to review the agency's discretionary decision to deny a waiver [of inadmissibility] under former INA section 212(c).") (citing *Vargas–Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) (citing 8 U.S.C. section 1252(a)(2)(B)(ii)));

*Llacuna v. Lynch*, 637 Fed.Appx. 343, 343 (9th Cir. 2016) (Silverman, Tallman, D.J. Lasnik) ("Pursuant to INA section 242(a)(2)(B)(ii), we lack jurisdiction to review

the BIA's discretionary denial of Vasquez's fraud waiver application. Vasquez fails to present a colorable constitutional claim or legal question to preserve judicial review of the agency's discretionary waiver determination under INA section 237(a)(1)(H), which is an 'act of grace' rendered pursuant to the Attorney General's 'unfettered discretion.' * * * Instead, Vasquez takes issue with how the agency weighed the relevant evidence, a matter over which we lack jurisdiction.") (citations omitted).

*adopted*, 2012 WL 1535206 (C.D. Cal. Apr. 30, 2012) (J. Spencer Letts, J.).

■ Consistent with this principle, "[d]ismissal of claims for which [a statute] strips subject-matter jurisdiction, must be with prejudice, because there is nothing petitioner could do to 'rectify' the statutorily mandated lack of jurisdiction." *Mackenzie v. Holder*, No. ED CV 13-08217-VBF-JC, 2013 WL 8291434, *5 (C.D. Cal. Nov. 27, 2013) (Valerie Baker Fairbank, J.) (applying 8 U.S.C. section 1252(g)'s jurisdiction-stripping provision) (citing *Yongping Zhou v. Holder*, 2013 WL 3923446, *4 n.2 (C.D. Cal. July 26, 2013) (dismissing complaint with prejudice "because there [would be] no action which plaintiff could take, by amending the complaint or otherwise, to remedy the lack of subject-matter jurisdiction") (citing, *inter alia*, *Phillips v. United States*, 2011 WL 5599933, *1 (D.D.C. Nov. 3, 2011) ("[T]he Court, finding it impossible to overcome the jurisdictional barrier, will dismiss this action with prejudice."))) (footnote 9 omitted), *Mackenzie judgment entered*, 2013 WL 12066014 (C.D. Cal. Nov. 27, 2013). *See, e.g., Sakamoto v. Kennedy*, 298 F.2d 608, 610 (9th Cir. 1961) ("[T]he district court entered judgment dismissing the action with prejudice upon the ground, among others, of lack of jurisdiction. We conclude the ruling was right. [A] court is powerless to entertain an action for declaratory relief when the result would be to partially review an Executive decision under the Trading with the Enemy Act.") (footnote 5 omitted). *Accord Ardalan v. McHugh*, 2013 WL 6212710, *11 (N.D. Cal. Nov. 27, 2013) (Lucy Koh, J.) ("This claim is also dismissed with prejudice as there is

nothing Ardalan can do to remedy the jurisdictional defect with the claim.").[3]

■ Moreover, with regard to the relief requested, the record does not reveal whether there has been an investigation or prosecution of the alleged criminal violation at issue here. Petitioner states that he reported the crime to "investigative agencies including [sic] United States Postal Inspection Service (USPIS), and detention center officials." [Petition at 3; Exhibits at 1–15.] Petitioner also filed a "'Grievance' complaint with the Detention Center." [*Id.*] However, there is no evidence before the Court suggesting that the alleged wrongdoer was prosecuted for identity theft. The appropriate Court to issue a law enforcement certification is the court that dealt with the underlying criminal case (if one exists) or the agency that investigated the criminal complaint. In addition, the Court is dubious that identity theft is a "qualifying criminal activity" under 8 U.S.C. § 1101(a)(15)(U)(iii). *See In Re: Petitioner*, 2011 WL 9082141 (U.S. Citizenship Immigration Serv. Admin. Appeals Office Nov. 2, 2011) (finding that Petitioner's certification indicating that he was the victim of identity theft was insufficient to demonstrate that he was the victim of a qualifying crime.)

Accordingly, after substituting Jeff Sessions for Loretta Lynch as USAG, the Court will dismiss this action with prejudice for lack of subject-matter jurisdiction.

## ORDER

The Clerk of Court **SHALL TERMINATE** "Loretta E. Lynch" as respondent.

---

**3.** *Cf. Twilleager v. Pacific Maritime Ass'n*, 2005 WL 1502886, *2 (D. Or. June 23, 2005) (Haggerty, C.J.) ("Because any further amendments that could arguably assert proper jurisdiction and relate back to plaintiff's original federal filing would be dismissed for failure to exhaust administrative remedies, plaintiff's … Complaint must be dismissed *with prejudice*.") (italics added).

·The Clerk of Court **SHALL ADD** "Jefferson Beauregard Sessions (United States Attorney General)" as respondent.

**The section 2241 habeas corpus petition is DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction.**

**Judgment shall be entered consistent with this Order.** As required by Fed. R. Civ. P. 58(a), judgment will be entered as a separate document.

This case **SHALL BE TERMINATED (JS–6).**

IT IS SO ORDERED.