

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN MANUEL LOPEZ-OJEDA,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 20-71093

Agency No. A087-967-194

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 23, 2023[**]
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

Juan Manuel Lopez-Ojeda (Lopez-Ojeda), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

denying a motion to reopen and terminate proceedings. We review the denial of a

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen for abuse of discretion and we review purely legal questions de novo. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020).

1.      The BIA did not abuse its discretion in rejecting Lopez-Ojeda's argument that because the Notice to Appear (NTA) did not contain the place of his proceedings, the immigration court lacked jurisdiction. This argument is foreclosed by our precedent clarifying that an NTA that does not include the time, date, and place of proceedings does not deprive the immigration court of jurisdiction. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc); *see also Aguilar Fermin*, 958 F.3d at 894–95. We also note that Lopez-Ojeda received a subsequent notice with the relevant information and attended the hearing. Thus, this challenge to the BIA's denial of the motion to reopen fails. *See Aguilar Fermin*, 958 F.3d at 894–95.

2.      The BIA did not err in denying Lopez-Ojeda's motion to reopen on the basis that neither the BIA nor the IJ has jurisdiction over a U Visa petition. *See Ramirez Sanchez v. Mukasey*, 508 F.3d 1254, 1255 (9th Cir. 2007) (per curiam) (The "United States Citizenship and Immigration Services (USCIS) has sole jurisdiction over the issuance of U Visa petitions . . ."). In any event, an outstanding removal order does not bar issuance of a U Visa by the USCIS. *See* 8

C.F.R. § 214.14(c)(1)(ii); *see also Gomez-Velazco v. Sessions*, 879 F.3d 989, 995

(9th Cir. 2018).

**PETITION DENIED.**